IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LOURON JOHNSON, | § | No. 194, 2015 |
| | § | |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1308018466 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 22, 2015
Decided: September 18, 2015

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

**ORDER**

This 18th day of September 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Louron Johnson, filed this appeal from his sentencing in the Superior Court on April 10, 2015 on a violation of probation (VOP). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Johnson's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that Johnson was arrested on August 22, 2013, on charges that included driving under the influence of alcohol, criminal mischief and drug possession. On February 19, 2014, Johnson pled guilty to Driving Under the Influence of Alcohol (second offense), and the State entered a *nolle prosequi* on the other charges. The Superior Court sentenced Johnson to eighteen months at Level V suspended after sixty days for one year of Level II probation. The Superior Court also revoked Johnson's driver's license and ordered that Johnson complete a drug and alcohol abstinence program and a drug and alcohol treatment program. As conditions of Johnson's supervision, the Superior Court ordered zero tolerance for drugs and alcohol, driving without a license, and driving without insurance.

(3) On March 4, 2015, Johnson was charged by administrative warrant with having violated the conditions of his Level II supervision.[1] At the VOP hearing on April 10, 2015, the Superior Court found Johnson guilty of violation of probation and sentenced him to fourteen months at Level V suspended upon successful completion of the Level V Reflections Program for one year at Level III. Johnson filed this appeal. On appeal, Johnson

---

[1] The administrative warrant reported that Johnson was arrested on December 4, 2014, for speeding, driving while suspended, and failure to have insurance, and on March 2, 2015, for driving while intoxicated, reckless driving, failure to remain stopped, driving while suspended, displaying of a suspended license, and resisting arrest.

2

claims that the Superior Court imposed the April 10, 2015 sentence based on matters that were not relevant to the VOP charge.

(4) This Court's appellate review of a sentence generally ends upon a determination that the sentence is within statutory limits.[2] The Court will also consider a claim that a sentence "is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[3]

(5) To the extent Johnson is claiming on appeal that the trial judge sentenced him on April 10, 2015, based on a false, impermissible or unreliable factual predicate, or due to judicial vindictiveness, bias or a closed mind, the Court does not have an adequate basis to review such a claim. Johnson did not request preparation of the VOP hearing transcript. Without the transcript, the Court cannot review a claim that the judge imposed a sentence based on a false, impermissible or unreliable factual predicate, or due to vindictiveness, bias or a closed mind.[4]

---

[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006) (citations omitted).

[3] *Id.*

[4] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987) (finding that appellant had the burden of producing "such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" (quoting Del. Supr. Ct. R. 9(e)(ii) and 14(e)).

3

(6) Under 11 *Del. C.* § 4334(c), if a violation of probation is established, "the [Superior Court] may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."[5] In other words, when sentencing a defendant for a VOP, the Superior Court is authorized to reimpose any previously suspended prison term.[6] In Johnson's case, it is clear from the available record that the VOP sentence imposed on April 10, 2015 did not exceed the balance of the Level V time that was originally imposed on February 19, 2014.

NOW, THEREFORE IT IS HEREBY ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[5] 11 *Del. C.* §4334(c).

[6] *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999). *See also State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (citing 11 *Del. C.* § 4334(c)).

4